IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01034-NYW

TIJUANAS PRODUCE, INC.,

    Plaintiff,

v.

MI PUEBLO LATIN MARKET, INC.,
JAIME A. CUEVA,
DANEEN CUEVA,

    Defendants.

## ORDER DENYING MOTION TO REOPEN

Magistrate Judge Nina Y. Wang

This case and matter is pending before this Magistrate Judge pursuant to the Parties' consent to a Magistrate Judge filed on September 4, 2014 [#21]. The court dismissed the action without prejudice on September 30, 2014. [#28]. Plaintiff Tijuanas Produce Inc. ("Tijuanas") now seeks to reopen the case to enforce the settlement agreement, alleging that Defendants have breached the agreement, by its Motion to Reopen Case & for Entry of Judgment ("Motion to Reopen") filed on February 9, 2015. [#29].

The 21-day time period for Defendants to respond to the Motion to Reopen under Local Rule 7.1(d) has elapsed without the filing of a response to the Motion to Reopen. Defendants Mi Pueblo and Jaime A. Cueva filed a Notice of Filing of Case in Bankruptcy Court on February 26, 2015, with exhibits reflecting the filing of voluntary petitions. [#31, #31-1, #31-2]. Defendant

Daneen Cueva was not included in the Notice or the underlying bankruptcy filings. [#31, #31-1, #31-2].

Under 11 U.S.C. § 362, a creditor must stay collection activities once put on notice of a debtor's bankruptcy. However, in this case, not all of the Defendants are included in the Notice. [#31]. Therefore, this court will entertain Tijuanas' Motion to Reopen, which seeks not only to reopen the case but the entry of judgment. [#29].

This court does not retain inherent authority to enforce a settlement agreement between the Parties. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Rather, federal courts are ones with limited jurisdiction, and the enforcement of a settlement agreement requires a separate basis for jurisdiction. *Id.* at 377. The burden of establishing jurisdiction rests upon the party seeking to assert it. *Id.* And the court has an independent responsibility to consider whether it has jurisdiction in this matter, even absent a challenge by either party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) (citation omitted).

Tijuanas' Motion to Reopen fails to state any identifiable federal cause of action that would justify this court's jurisdiction. When the court issued its Order of Dismissal, it did not retain any jurisdiction to enforce. [#28]. Nor does Tijuanas identify any provision of the Perishable Agricultural Commodities Act, the statute that it originally asserted in its Complaint against Defendants [#1], that would provide for this court's continuing jurisdiction. *Kokkonen*, 511 U.S. at 378. Tijuanas clearly seeks to reopen the case in order to enforce a provision of the settlement agreement that provides for the entry of judgment against Defendants, [#29, at ¶ 7], which the Supreme Court has held to be insufficient to confer subject matter jurisdiction.

*Kokkonen*, 511 U.S. at 378.  And a review of the settlement agreement in this case also does not support jurisdiction.  [#27-1 (restricted access)].

Based on this court's review of the Motion to Reopen, the procedural history of this case, the plain terms of the settlement agreement, and the application of the case law, IT IS ORDERED:

(1) Plaintiff's Motion to Reopen [#29] is DENIED.


Dated:  March 12, 2015                                            BY THE COURT:


                                                                 s/ Nina Y. Wang
                                                                 United States Magistrate Judge